## DECEMBER TERM, 1843.

### JAMES J. CHEWNING, *et al. v.* J. NICHOLS, *et al.*

A mere motion in Court, to dissolve an injunction granted in a case, is not that formal entry of appearance, which will authorize the complainant to take a *pro confesso*, against the party making the motion.

To justify the complainant's taking his bill for confessed, process must either have been served upon the other party, or his appearance *as a defendant* to the cause formally entered of record.

There are no regular appearance-days fixed by the rules of this Court; a party desirous of entering his appearance can do so, at any time while the Court is in session, by making his application and having it entered of record.

A MOTION was made in this cause, to set aside the *pro confesso* heretofore entered against the defendant, Joseph Nichols, because he had never been served with process, and no special appearance had been entered for him. Upon examination of the general docket, it appeared, that the subpœna, as to Nichols, was returned, not found; but that, upon motion on a former day of the Court, the injunction originally granted in the cause had been dissolved.

Mr. *A. J. Paxton* contended, that this was such an appearance as would entitle the complainants to take the bill for confessed.

Mr. *Smedes* was stopped from arguing in behalf of the motion.

By the CHANCELLOR. The motion must be granted. The appearance of the defendant, in making a motion to dissolve an injunction pending against him, is not of itself such an appearance as will justify the taking a *pro confesso* against him. A bill can only be taken for confessed where process has been, in the proper way, and in sufficient time, executed, or where the party defendant *enters his appearance.*

An appearance is the first act of the defendant in Court, and is either *voluntary* or *compulsive*; a service of process is not of itself an appearance, but the practice in England, in the courts of King's Bench and Common Pleas, was to enter the appearance of record, before other steps were taken in the case; and in the King's

Bench, a *voluntary* appearance was of no effect, unless the plaintiff's attorney, *within* fourteen days after such appearance, sued out a writ of *latitat*, or bill of Middlesex, where the defendant resided in that county. 1 Salk. 8.

By the common law rule, a common appearance could be entered by the defendant, or his attorney, provided the latter had the king's *special warrant*, or *by writ*, or *letters patent*. It could be entered by the defendant at his own instance, or in consequence of a rule of court or judges order, for discharging him out of custody, on filing or entering it. It is only by statute (West. 2, 13 Edw. 10), in England, that a general liberty is given to parties of appearing by attorney. They were anciently appointed in Court, when actually present, but they are now usually appointed out of Court, by *warrant* of attorney, which should regularly be in writing; but an authority *in parol is said* to be sufficient to support a judgment. 1 Tidd's Practice, 92.

An appearance by the party defendant, could only be made by a formal entry of *common bail*, as it was termed with the *filacer*, who is so called from the *files* of the *custos brevium*, of his appearance, and afterwards his appearance was entered in Court upon a certain day, called the appearance-day or *dies amoris*, which was the day given *ex gratia curiæ*, for the defendant's appearance; by the present practice, in England, the first and last days of every term, are days of appearance.

An appearance, whether compulsive or voluntary, signifies the defendant's signing *common* or *special* bail; and there could be no appearance in any other mode, when made without the intervention of an attorney.

It will, from this sketch of the mode of entering an appearance, be at once apparent, that a mere motion in Court to dissolve an injunction, is not that formal entry of appearance which is required by the old common law, and which is still the law of this Court, so far at least as the formal entry of the party of his appearance as defendant in the case, is required to be inserted in the record.

There are no regular appearance-days fixed by the rules of this Court, and a party desirous of entering his appearance, can do so at any time, while the Court is in session, by making the application, and having it entered of record.